**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAARON A. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00190-NCC |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Petitioner Daaron A. Harris' Motion for

Reconsideration (Doc. 23).    Petitioner requests the Court reconsider its denial of his "motion for

leave to file his 'Supplement to Original Habeas Application'" (*Id.*).    Indeed, on October 8,

2020, the Court struck Petitioner's filing entitled, "First Supplement to Original Habeas Corpus

Application" and consisting of 166 pages (Doc. 22).    As noted by the Court, this was

Petitioner's second attempt to supplement the record; the Court previously permitted Petitioner

to supplement the record with what he termed "newly discovered evidence" which consisted of

medical records from the fall of 2011 regarding surgery on his hand and a limp (*See* Doc. 12).

The Court explained that supplements, however, are not recognized pleadings under Rule 7(a) of

the Federal Rules of Civil Procedure and the Court struck the filing from the record.    In his

Motion for Reconsideration, Petitioner asserts that as a self-represented litigant he cannot be

expected to recognize all the varied legal arguments (Doc. 23 at 2).    Petitioner indicates that his

supplement was intended to offer a complete picture of trail counsel's dereliction of duties (*Id.*).

Petitioner then addresses a number of those ineffective assistance of trial counsel claims here

(*See Id.* at 3-4).

Federal Rule of Civil Procedure 60(b) applies in this instance, as the motion is not directed at a final judgment. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). *See also Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation marks omitted) ("[W]e have determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders."). Federal Rule of Civil Procedure 60(b) permits relief from an order due to, as relevant here, mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under "Rule 60(b) is an 'extraordinary remedy' that is justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway*, 193 F.3d at 989-90. District courts enjoy broad discretion in ruling on motions to reconsider. *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993).

Upon a complete and thorough review of Petitioner's Motion for Reconsideration, the Court does not find any reason to reconsider its prior Order striking Petitioner's Supplement. While Petitioner is correct in his assertion that the Court will liberally construe pleadings and other filings by self-represented parties, Petitioner must still comply with the Court's rules and

2

directives including the Federal Rules of Civil Procedure and the Court's Local Rules.

Petitioner's Supplement did not comport with those rules and was therefore appropriately

stricken from the record.    *See Popoalii v. Correctional Medical Service*s, 512 F.3d 488, 497

(8th Cir. 2008) (The Court does not accept amendments to the pleadings through supplements,

declarations, notices or other piecemeal amendments.).

   Accordingly,

   **IT IS HEREBY ORDERED** that Petitioner Daaron A. Harris' Motion for

Reconsideration (Doc. 23) is **DENIED**.

   Dated this 27th day of April, 2021.


                                    /s/ Noelle C. Collins
                                    NOELLE C. COLLINS
                                    UNITED STATES MAGISTRATE JUDGE